**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:16-CR-16-ALM-KPJ |
| | § | |
| TERRY JAMES KEEL (3) | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant Terry James Keel's ("Defendant") supervised release. This matter was referred to the Court for a report and recommendation, and the Court conducted a hearing on June 10, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Colleen Bloss.

Defendant was sentenced on March 22, 2017, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More of a Mixture of Methamphetamine, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of I, was 37 to 46 months. Defendant was subsequently sentenced to 29 months subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, and a $100 special assessment. The sentence was adjusted to give Defendant credit for time served in a related case filed in Docket Number 065647 in the 39th Judicial District Court of Grayson County, Sherman, Texas, pursuant to USSG § 5Gl.3. On October 5, 2018, Defendant completed his period of imprisonment and began service of the supervision term. ·On October 15, 2020, Defendant's

term of supervised release was revoked based on violations related to his committing a new offense, testing positive for methamphetamine, and failing to participate in drug aftercare. He was subsequently sentenced to five (5) months imprisonment followed by an 18-month term of supervised release. This period of supervised release began on December 4, 2020.

On July 23, 2021, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 256, Sealed]. The Petition asserts that Defendant violated seven (7) conditions of supervision, as follows: (1) You must refrain from any unlawful use of a controlled substance; (2) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change; (3) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so; (4) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer; (5) You must follow the instructions of the probation officer related to the conditions of supervision; (6) You must answer truthfully the questions asked by your probation officer; and (7) You must participate in a program of testing and treatment for drug abuse, and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program [Dkt. 256 at 1-3, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On May 5, and 19, 2021, Defendant submitted urine specimens that were positive for methamphetamine. These results were verified through lab reports provided by Alere Toxicology. On May 5, 2021, Defendant provided a written statement admitting he used methamphetamine on April 24 and 25, 2021; (2) A home inspection was conducted at 9332 Twin Creeks, Anna, Texas, on June 14, 2021, and the residence was approved for Defendant to live with his cousin, Gene Keel. On June 16, 2021, Gene Keel reported Defendant had not returned to the residence since th[e] officer's visit on June 14, 2021. Gene Keel reported Defendant had only arrived at his home two hours before the home inspection and left five minutes after its completion. Gene Keel reported Defendant never lived with him but was staying with a female friend. As such, Defendant has failed to live at a place approved by the probation officer and failed to notify the probation officer of any change in his address; (3) On December 8, 2020, Defendant was informed that, as a condition of his supervised release, he is required to work full-time (at least 30 hours per week) at lawful employment. He has yet to obtain employment, either full-time or part-time; (4) On April 24, 2021, Defendant associated with an individual he knew was a user of methamphetamine and used methamphetamine with the individual. He provided a written statement acknowledging he associated with someone involved in criminal activity – using an illicit drug; (5) On May 3 and 4, Defendant failed to report to the Plano, Texas, probation office, as instructed; (6) On June 2 and July 4, 2021, Defendant submitted monthly supervision reports indicated he resided at 9332 Twin Creek Circle in Anna, Texas, which he knew was not true; and (7) Defendant failed to show for a scheduled drug test at the U.S. Probation Office in Plano, Texas, on April 14, 2021, as part of the U.S. Probation Office's random drug testing program. Defendant failed to show for scheduled drug test at the U.S. Probation Office in Plano, Texas, on May 18, June 7, and July 7, 2021, as part

of the U.S. Probation Office's random drug testing notification program. Additionally, Defendant failed to report for inpatient substance abuse treatment at Turtle Creek Manor on July 13th and again on July 14th, 2021 [Dkt. 256 at 1-3, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 1 of the Petition. The Government dismissed allegations 2 through 7 of the Petition. Having considered the Petition and the plea of true to allegation 1, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 268, 269].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of seven (7) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in El Reno, Oklahoma, if appropriate.

**SIGNED this 19th day of July, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE